PHOENIX INSURANCE Co. *v.* BANKS *et al.*

Opinion delivered July 13, 1914.

INSURANCE—FIRE INSURANCE—LIABILITY OF AGENT TO COMPANY—FAILURE TO COLLECT PREMIUM.—An agent of a fire insurance company accepted from the insured a lower premium payment than the insurance company authorized. The company directed the agent to collect the unpaid premium or cancel the policy; the agent did neither, and a loss by fire occurred. The company paid the loss to the insured. In an action by the company against the agent to recover the total amount of the loss, *held*, the company could collect from the agent only the amount of the unpaid premium which the agent failed to collect from the insured.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*W. L. & D. D. Terry*, for appellant.

1. The duty of an agent is to follow the instructions of his principal. 100 N. W. 526. Of course, an agent may show that the damages are nominal, or very small, but not by demurrer. Story on Ag. (8 ed.) 281. In this case, appellant had a right to show to a jury that, had its agents *demanded* the additional premium insisted on the appellant would not have remained bound upon this risk. 44 N. W. 372; 79 Ia. 245.

2. Where an agent violates, exceeds or neglects his instructions and loss results, he is liable. 92 N. W. 226; Story on Ag. (8 ed.), §§ 217-219; 44 N. W. 372.

*Wynne & Harrison,* for appellees.

The instructions were equivocal, and the conduct of the agents was acquiesced in. If appellees are liable at all, they are liable only for the additional premium. 100 N. W. 526; Ostrander on Fire Ins. (2 ed.) 180; 71 Ia. 519.

McCULLOCH, C. J. The plaintiff, Phoenix Insurance Company, of Hartford, Connecticut, has been doing a general fire insurance business in the State of Arkansas, and defendants were its local agents at Fordyce, Arkansas, with authority to countersign, issue and deliver policies and contracts of insurance subject to the approval and instructions of the plaintiff.

Defendants issued to the Arkansas Lumber Company a policy of fire insurance in plaintiff company and delivered same with an endorsement thereon waiving, in favor of a certain railway company, a provision in the policy referred to as the subrogation clause. When the issuance of the policy with the endorsement thereon was reported to plaintiff, it wrote to defendants as its agents demanding that an additional premium of $30 be paid by reason of the endorsement of said waiver on the policy and that the policy be cancelled unless the additional premium be paid. The policy was not cancelled, nor was the additional premium paid. Repeated correspondence was pursued between plaintiff and defendants with reference to the transaction. The correspondence is set forth in the complaint in this action as part of the statement of facts, and shows that defendants were insisting that the additional premium be not charged for the reason that it would cause them to lose the patronage of that customer, and that plaintiff continued to insist upon the collection of the premium or the cancellation of the policy.

The policy was issued on December 22, 1911, and reported to the plaintiff shortly thereafter, and the insured property was damaged by fire which occurred on June 9, 1912, while the policy was in force.

The company made good the indemnity on account of the damage by fire, and this is an action instituted by plaintiff against defendants as its agents to recover the amount plaintiff was required to pay to the assured under the policy, and it is alleged in the complaint that the defendants wrongfully failed and refused to carry out the instructions of plaintiff as their principal and thereby caused loss to plaintiff in the sum paid out under the policy. The allegations of the complaint, after setting forth the facts as hereinbefore recited and the correspondence between the parties, are as follows:

"Notwithstanding the repeated instructions, given said defendants by and on behalf of said plaintiff, as aforesaid, said defendants negligently, wrongfully and wilfully failed to obey the same, and, believing that for them to demand or insist on any additional charge or premium for said waiver of subrogation, would mean the loss of that business, said defendants wholly failed to use due diligence to collect or demand any such additional charge or premium; and for purposes of their own, and in utter disregard of such instructions, negligently, wrongfully and wilfully failed to collect or demand any such additional charge or premium, or to endorse any such upon such policy, or cancel said policy, and thereby left said plaintiff bound upon said risk until said property was destroyed and damaged by fire on June 9, 1912, when plaintiff would not have been bound thereon, had said defendants obeyed said instructions or performed with due diligence their duty in the premises."

The defendants offered to confess judgment in the sum of $30, the amount of the additional premium demanded, and demurred to the complaint in so far as it sought to recover damages in excess of that amount. The court sustained the demurrer and rendered final judgment, from which the plaintiff has appealed.

The complaint undoubtedly states a case of wrongful act on the part of the defendants as agents of the plaintiff which caused injury; but the only question involved

in this case is as to what shall be the measure of the recovery.

The trial judge decided that the amount of the lost additional premium sought to be collected was the measure' of recovery, and in this we think he was clearly correct.

It will be noted that the complaint does not state a case where the agent refused to comply with an unequivocal demand or instruction for cancellation of the policy, nor a case where the policy was wrongfully issued or permitted to continue on a prohibited risk; but the facts stated in the complaint are that the plaintiff demanded of the defendants that the additional premium of $30 be collected or that the policy be cancelled. This demand continued over a period of several months and until the fire occurred, nearly six months after the policy was issued. The plaintiff knew, according to the allegations of the complaint, that the policy ·was still outstanding and had never made an unconditional demand for its cancellation, but merely insisted upon the collection of the additional premium. In other words, the point of controversy between the plaintiff and defendants was concerning the collection of the premium and the violated instructions related to that point only. It is true, according to the allegations of the complaint, there was a demand that the policy be cancelled unless the premium should be paid, but that was only for the purpose of forcing the collection of the premium. Plaintiff did not desire the cancellation of the policy; if it had it could easily have insisted upon immediate cancellation as it had the right to do; but with the knowledge that the agent had neither collected the premium nor cancelled the policy, it continued to couple together the alternative demand for the collection of the premium or the cancellation of the policy.

It is argued that the plaintiff was entitled to show that, if the demand for the premium had been insisted upon, the assured would have refused to pay and would

have forfeited the·policy, and that thereby the risk would have been avoided.

The answer to that is that, if cancellation had been sought, the more direct method would have been adopted of merely demanding unconditional cancellation of the policy. ·

Learned counsel for plaintiff rely upon the case of *State Ins. Co.* v. *Jamison,* 79 Ia. 245, as sustaining their position.

That case, however, announces a very different principle and one which has no application whatever to the facts of the present case. In that case, the defendant, an insurance agent, issued a policy but wrongfully or negligently withheld from the company a report which would have contained matter that afforded ground for cancellation. In other words, the matter contained in the withheld report made the risk a prohibited one. The plaintiff offered to prove that if the report had been made, disclosing that information, the policy would have been cancelled, and the court held that the proof should have been admitted and that it would have established the fact that the wrongful act of the agent was the proximate cause of the loss to the company under the policy, which it would have cancelled if it had known the facts, and that the agent was liable.

We have a very different case before us in the present one. This was not a prohibited risk, and it was one which the plaintiff, not only was perfectly willing to carry, but repeatedly expressed its willingness to do so in the correspondence.

By merely insisting on the collection of the additional premium under those circumstances, it would be carrying the rule of measuring. damages beyond that which was reasonably within the anticipation of the parties to hold that the agent is responsible for a loss by fire which occurred during the continued existence of the policy.

Mr. Ostrander states the rule applicable as follows:

"Where a risk is of a class that a company is accustomed to write, but which it has accepted at a lower rate of premium than should have been paid, having been misled as to its true character by the representations of the agent, the measure of the agent's liability on the destruction of the property by fire is not the sum which the insurer will be required to pay claimant in settlement of the loss, but such sum as expresses the difference between the premium actually paid and such premium as might fairly have been demanded on a correct representation of the hazard." Ostrander on Fire Ins. (2 ed.) 180.

We are of the opinion that the court took the right view of the law applicable to the facts stated in the complaint and that the demurrer was properly sustained. Judgment affirmed.